FILED

FEB 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARAZ SALEEMI and SOB, LLC, | No. 11-35027 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-05707-RBL |
| v. | |
| GOSH ENTERPRISES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted January 9, 2012
Seattle, Washington

Before: GRABER, FISHER, and RAWLINSON, Circuit Judges.

Defendant, Gosh Enterprises, Inc., terminated a franchise agreement ("the

Agreement") with Plaintiffs, Faraz Saleemi and SOB, LLC. Plaintiffs filed a state-

court action against Defendant, which Defendant removed to federal court,

asserting a number of claims arising from their previous relationship. The district

court dismissed the case without prejudice because the claims were subject to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

arbitration and because Washington was an improper venue under the Agreement's forum-selection provision. Plaintiffs appeal. Reviewing de novo, <u>Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.</u>, 622 F.3d 996, 1000 (9th Cir. 2010), we vacate and remand.

The presumption that dispute resolution provisions survive termination of a contract is rebuttable. <u>See</u> <u>Litton Fin. Printing Div. v. NLRB</u>, 501 U.S. 190, 204 (1991); 13 <u>Corbin on Contracts</u> § 67.2 (rev. ed. 2003 & Supp. 2011). Here, Defendant's March 17, 2008 email said that the franchise agreement was "fully terminated" and that "no contractual obligations exist anymore." At oral argument, counsel for Defendant asserted that this email extinguished all of Plaintiffs' future contractual obligations, including those with express survival clauses, but not background obligations governing dispute resolution—the forum-selection and arbitration provisions. Plaintiffs contend that the email relieved them of all contractual obligations, including the forum-selection and arbitration provisions, thereby rebutting the presumption. We hold that the record is insufficiently developed on this narrow fact question and therefore vacate and remand for the district court to determine the import of the March 17 email. We remand on an open record and urge the district court to resolve this factual question through whatever procedural mechanism may be appropriate and efficient under the

2

circumstances.  See Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty, 408 F.3d 1250, 1254 (9th Cir. 2005) ("A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3). Consequently, the pleadings need not be accepted as true, and facts outside the pleadings properly may be considered." (citation omitted)); see also Fed. R. Civ. P. 56.

For reasons of judicial economy, we also decide the following matters, which have been fully briefed on this appeal and which may remain if the district court rules that the arbitration and forum-selection clauses did not lapse.

1.  The arbitration clause encompasses disputes such as those involving the claims in Plaintiffs' complaint.  Plaintiffs' arguments relating to a semantic difference between "claims" and "disputes" is unpersuasive; regardless, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

2.  The arbitration clause is not substantively unconscionable,[1] even in part. See generally Zuver v. Airtouch Commc'ns, Inc., 103 P.3d 753, 759 (Wash. 2004)

---

[1] Plaintiffs argue that Washington law governs the unconscionability question, and Defendant conceded that point for the purposes of the motion to dismiss.

("Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh," involving terms that are "[s]hocking to the conscience," "monstrously harsh," or "exceedingly calloused." (internal quotations marks omitted)).  The provision is not unfairly one-sided, nor does it contain any other feature identified by the Washington Supreme Court as unconscionable.

3.  The district court's decision to enforce the forum selection is reviewed for abuse of discretion.  Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) (per curiam); Chateau Des Charmes Wines Ltd. v. Sabate USA Inc., 328 F.3d 528, 530 (9th Cir. 2003) (per curiam).  The district court did not abuse its discretion in enforcing the choice of forum.  See Dix v. ICT Grp., Inc., 161 P.3d 1016, 1020–22 (Wash. 2007) ("Forum selection clauses are prima facie valid[]" unless "'enforcement would contravene a strong public policy of the forum in which suit is brought.'" (quoting Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972))).  Nothing in the Agreement precludes the filing of Plaintiffs' Washington state-law claims in arbitration or in Ohio.

**VACATED AND REMANDED.**  The parties shall bear their own costs on appeal.